Per Curiam.

By motion and cross motion both sides applied for summary judgment. The court denied both motions. Both sides claimed no issue of fact was presented. This is not conclusive if despite these assertions the court finds that either there are contrary contentions as to facts or that differing conclusions can be drawn from conceded facts. "We do not believe that here an issue supported by evidentiary facts is presented.
The corporate defendant was the owner of a building on which there were two mortgages. Desirous of raising further money, it borrowed from one Bizzelle and gave him a third mortgage and a note for $2,850, indorsed by the individual defendant. Thereafter both Bizzelle and the second mortgagee started separate foreclosure proceedings on their respective mortgages. Bizzelle also sued on the note. Certain difficulties arose in connection with Bizzelle’s suits and they were discontinued. He then sold the note for value to plaintiff corporation, which started suit. During the pendency of the proceedings an agreement was entered into between defendant and a Dr. Baines, who is a brother of plaintiff’s attorney. By the terms of this agreement Baines was to receive the building and was to satisfy the second and third mortgages and return the bonds and notes to the seller. There was to be no adjustment of taxes or rents and in lieu thereof Baines was to receive $700 from the seller. The plaintiff’s action on the note was to be discontinued.
This agreement was performed to the following extent. The defendant delivered to Baines the deed and a check for $700. Baines, through his brother, plaintiff’s attorney, delivered a stipulation discontinuing the action on the note. It was then discovered that there was a lien against the building for $900 for unpaid franchise taxes. Defendant refused to take steps to discharge this lien, and the note and mortgage were not surrendered. Instead plaintiff started this action on the note. All of these facts are undisputed. Plaintiff claims they show the note to be a valid subsisting obligation. Defendants claim that the agreement to surrender the note bars recovery by the plaintiff.
As the note has remained in the same hands, the ultimate question is whether the agreement to surrender was made by or on behalf of the plaintiff. On the motions which resulted in the order appealed from the question would be. whether an issue was raised on that point. We conclude that there was not. Plaintiff relies on the fact that Dr. Baines, the party to the agreement, and the plaintiff are not the same entity. But *681 plaintiff has left unexplained how its own attorney, acted for Dr. Baines and personally carried out those parts of the agreement that were performed. He. still represents them and there is no claim that he has ever in the slightest degree failed to protect plaintiff’s interests or that his acts were unauthorized or unknown to plaintiff. In fact, the contrary appears. Under these circumstances no issue is raised.
It may be that the factor raised by the situation resulting from the existence of the franchise tax lien may give the plaintiff or Dr. Baines rights to certain relief. But short of rescission of the agreement, which is not claimed, the note is not validated.
The order should be modified by granting defendants’ cross motion and directing entry of judgment for the defendants, and, as so modified affirmed, with $10 costs to defendants.
Concur — Hecht, J. P., Steueu and Tilzek, JJ.
Order modified, etc.